GAULT *v.* GAULT.

LANDLORD AND TENANT — EQUITY — JURISDICTION — ADEQUATE
  REMEDY AT LAW.

  A landlord has an adequate remedy at law where he made an
  oral lease for three years, which, when reduced to writing,
  defendants refused to execute, continuing in possession after
  the first year, and refusing to permit the landlord to make
  repairs or enter upon the land, or to pay rent until an action
  was brought for it; and equity has no jurisdiction to con-
  strue the lease, or enter a decree of dispossession.

Appeal from Wayne; Brooke, J. Submitted April 9,
1909. (Docket No. 30.) Decided October 4, 1909.

Bill by James Gault against Frank Gault and Neta
Gault for the possession of certain real estate. From a
decree for complainant, defendants appeal. Reversed,
and bill dismissed.

*James H. Pound,* for complainant.

*Ari E. Woodruff* and *Frank W. Atkinson,* for de-
fendants.

MOORE, J. This is a chancery appeal from a decree in
favor of complainant. The bill of complaint avers that
complainant rented April 1, 1907, to Frank Gault, de-
fendant, his farm at an annual rental of $3 per acre, pay-
able $6.25 per month, and $156, payable at the year's end,
and that the use of personal property owned by him was
permitted the defendant; that defendant went into pos-
session of the farm, and has remained there ever since.
The bill further avers that no written lease was ever exe-
cuted between the parties to this cause, though there was
some talk looking to the execution of a lease. It is fur-
ther averred that complainant turned over to defendants

a quantity of personal property consisting of live stock; that complainant was also a creditor of defendant, and also surety on different obligations; that complainant had indorsed a note for Frank Gault in the sum of $55, which at the time of the filing of the bill of complaint was unpaid, and that complainant was an indorser on a note for $105 given to the Flat Rock Savings Bank. It further avers that said Frank Gault is pecuniarily irresponsible; that he has not paid the rent nor farmed the farm in a manner comporting with good husbandry; that he has allowed the weeds to grow, and the fences and buildings to become out of repair, and the value of the farm to become greatly depreciated by reason thereof; that defendant threatens to sow fall crops, such as wheat, and the like fall grains, on said farm this season, and insists on his right to harvest the same during the summer of 1908; and that defendant has announced his purpose of holding said farm for the period of three years from April 1, 1907, and has threatened complainant with personal violence if he attempts to come upon said farm to make any necessary repairs on said farm, and to prevent waste. The bill also avers that Frank Gault has disposed by bill of sale of all his property to his wife, Neta Gault, to defraud complainant, as he believes, of his rent, and to render him, complainant, liable to pay said promissory notes, on which complainant is indorser, and to lose those due him; and that said transfer is a fraud upon complainant's rights, and is without any consideration whatever.

There is a prayer for specific relief not very clearly stated, and a general prayer for relief. The answer admits some of the averments of the bill and denies others. The defendant admits that defendants intend to sow fall wheat on the land described in said bill of complaint, and claims the right to harvest the crops, and admits that the said Frank Gault intends to hold said farm for three years from April 1, 1907. Then follows a prayer in the nature of a cross-bill, which clearly shows that an agreement was

made which was to be reduced to writing, and that, acting upon said agreement, defendants entered upon the premises. The prayer was for affirmative relief. Complainant answered the cross-bill. After complainant had put in his proof, the following occurred in open court:

"Complainant thereupon rested. Counsel for defendant thereupon asked leave of the court to withdraw their cross-bill for the reason that on account of the title to the property being in complainant and his wife that decree in this cause would be of no value to them. Leave was granted and the cross-bill withdrawn. Counsel for defendants thereupon moved the court to dismiss the bill of complaint for the reason that all of the relief prayed for in the bill of complaint had been given complainant. Counsel for complainant thereupon moved the court to construe the lease under the prayer for general relief, to which counsel for defendants objected. The court thereupon said: 'I will tell you what I will do, Mr. Atkinson. I will pass upon this question, and you may have—although you have rested you may have permission now to introduce such testimony regarding the tenancy as you desire; I will pass upon it. I will construe the prayer of the bill generally, the general prayer of the bill to be sufficiently broad to entitle the complainant to this relief, in spite of the fact that you have withdrawn your cross-bill, in which you ask for certain relief yourself.'

"*Mr. Atkinson:* 'I think, your honor, under the circumstances, we will leave the order withdrawing the cross-bill and take the case up and have it passed upon.'

"Counsel for defendants not desiring to put in any testimony, the court said: 'Under the testimony you may take a decree to the effect simply that the tenancy by which the defendant holds here is as a tenant from year to year and will expire on the 1st of April, 1909.'"

The decree went farther than the above suggestion, and granted affirmative relief.

The solicitors for defendants present the following propositions as involved:

"(1) To what extent is the power of a court of equity to grant relief not specifically prayed for limited by the nature of the pleadings and the relief specifically prayed for, when there is a prayer for general relief?

158 MICH.—20.

"(2) When all the relief specifically prayed for has been granted, can the court grant relief for which there is an adequate remedy at law, for the purpose of avoiding litigation?

"(3) If in this case the court under the pleadings had power to construe the lease, is the construction made by the decree the proper one?"

Each of these propositions is argued. On the examination of the complainant the following testimony was given by him:

"I did not get any rent until I sued for it. * * * We served them notice to pay the rent, and proceeded before the circuit court commissioner. We had a hearing in July, 1908. They paid me $243, which was rent for one year and two months. They also paid the July, 1908, rent."

We think the record discloses a case where the complainant has so complete and adequate remedy at law that the aid of equity ought not to be invoked.

The decree is reversed. The bill of complaint is dismissed, with costs, but without prejudice.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and McALVAY, JJ., concurred.